[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON SEAN DONOVAN'S MOTION FOR SUMMARY JUDGMENT
In this case a negligence action was commenced by the plaintiffs on May 5, 1992. No cause of action was stated in the complaint against Sean Donovan. On April 16, 1993 the co-defendants moved to have Donovan named as an additional defendant so that "a complete assessment of responsibility can be made in accordance with Connecticut General Statutes § 52-572h." The memorandum attached to the motion to add Donovan as a defendant makes clear that he was being added only for apportionment purposes. All sides agree that as against Donovan the statute of limitations has run. CT Page 9378
The defendant Donovan has now filed a motion for summary judgment on the ground that the statute of limitations has run against him. The confusion in these cases largely arises from the fact that the apportionment party was brought into the case by forcing the plaintiffs to amend their complaint rather than allowing a party to be brought in for apportionment purposes through the method set out in Baker v. Franco, 6 Conn. L Rptr 622 (1992).
Courts granting motions for summary judgment under a claim of this type first point to the wording of the statute of limitations, § 52-584 which in pertinent part reads:
"No action to recover damages . . . shall be brought butwithin two years from the date when the injury is firstsustained or discovered or in the exercise of reasonable,care should have been discovered." They then point to the impleader statute which states "the third party defendant shall have available to him [sic] all the remedies available to an original defendant", § 52-102a and reason that the "all the remedies clause" preserves the statute of limitation defense for people in Donovan's position. CfGeorge v. Royer, J.D. Litchfield, 11/25/91.
But if Donovan was brought in for apportionment purposes no independent "cause of action" is asserted against him and he is not part of the plaintiffs' "action to recover damages" to use the words of § 52-584. In other words statutes of limitation serve the purpose of giving eople [people] relief against claims for damages after a certain period of time has passed. People shouldn't have to wander about forever without a definite date within which claims against them can be made which could damage or destroy their personal or family financial security. Effectuating this purpose has nothing to do with the goals the legislature had in passing tort reform. It would be inappropriate for courts to limit the ambit of tort reform by allowing the statute of limitations to be used for a reason with which it had nothing to do. The defendants moved to bring Donovan into this case only for apportionment purposes. No damages can be awarded against him so why does he need the "remedy" of the statute of limitation to defend himself? There is nothing against which to defend since there is no damage claim against him. CT Page 9379
To avoid wasting everyone's time it seems better to deny the motion for summary judgment and grant the plaintiffs' request to amend their prayer for relief to make clear what was apparent in any event, that .the only relief sought vis-a-vis Donovan was with respect to apportionment and that the plaintiffs are not seeking money damages against him.
The motion for summary judgment is denied, the plaintiffs' request to amend their prayer for relief is granted in conjunction with the court's ruling on the motion for summary judgment and as a further reason not to grant it.
Corradino, J.